Dear Mr. Doughty:
I am in receipt of your request for an Attorney General's Opinion on behalf of the Franklin Parish School Board concerning the legality of some of the Board's contracts with the principals of the schools within their District.
You have stated that the Franklin Parish School Board has been under the cloud of a Justice Department mandated consolidation. You state that in the last few years they have not known exactly what schools would be open. As a result, they had one-year contracts with several principals as they did not know whether these positions would be available in the future. Although some of the positions will still be in existence, the principals were hired as "acting principals" for a one-year term.
You state that at least one principal position is being eliminated. According to the School Board, the intent was for these positions to be temporary until the consolidation issue with the Justice Department was cleared up. You have indicated that there has been a consent decree entered into between the school board and the justice department where there will now be three high schools.
You state that the School Board would like the following questions addressed:
 1) The validity of the one-year contracts in light of LSA-R.S. 17:444 and more specifically whether or not these positions will be considered to be "temporary" as an exception to the two-year contract.
 2) Whether or not the mandatory offer of any contract requirement of LSA-R.S. 17:444
(B)(4)(c)(iv) is applicable?
You have indicated that at least one principal position is going to be eliminated. If this occurs, it appears that a reduction in force may be necessary. If so, there are several federal cases dealing with reductions that must be reviewed and followed. Also, if the Franklin Parish School Board has a reduction in staff personnel policy, then the policy must be reviewed and followed as well.
In your first question, you reference LSA-R.S. 17:444 B(4)(a)(i) which states the following:
 The employment provided for in this Section shall be for a term of not less than two years, except when such employment is for a temporary position, nor more than four years, and said term shall be specified in a written contract, which shall contain performance objectives.
You inquire about the validity of the one-year contracts in light of this section of the statute and specifically ask whether these positions will be considered to be "temporary" as an exception to the two-year contract. LSA-R.S. 17:444 does not define what a temporary position is, but it is defined in Black's Law Dictionary as:
 That which is to last for a limited time only, as distinguished from that which is perpetual, or indefinite, in its duration. Opposite of permanent. . . .
Provided it was clear to all parties involved that these positions were temporary until the Justice Department made a decision concerning the mandated consolidation, the one-year contracts appear to be valid.
In response to your second question. LSA-R.S. 17:444
(B)(4)(c)(iv) applies in situations where positions are discontinued because they are only temporary positions. This sub-section states:
 The board shall negotiate and offer a new contract at the expiration of each existing contract unless the superintendent recommends against a new contract based on an evaluation of the contract as provided for in R.S. 17:391.5, or unless failure to offer a new contract is based on a cause sufficient to support a mid-contract termination as provided in Item (iii) of this Subparagraph, or unless the position has been discontinued, or unless the position has been eliminated as a result of district reorganization, provided that should the position be recreated, the employee, if still employed by the board, shall have first right of refusal to the recreated position.
Therefore, unless one of the situations as specified in LSA-R.S.17:444 (B)(4)(c)(iv) occurs, the School Board shall negotiate and offer a new contract at the expiration of each existing contract. Even if the language in the principals' contracts states that their jobs are only temporary, unless one of the positions as set forth in LSA-R.S. 17:444 (B)(4)(c)(iv) occurs the Board shall negotiate and offer a new contract to the current principal. Additionally, if comparable positions are still available after the consolidation, these "acting principals" cannot be replaced with new permanent principals at the end of their one year due to the fact they were considered to be temporary positions while the consolidation issue was pending.
Concerning the position that is being eliminated, the School Board must provide that if the position is recreated, the employee, if still employed, shall have the right of first refusal to the position. However, during the interim, the principal would need to be transferred to an open position if possible.
In Rousselle v. Plaquemines Parish School Board, 633 So.2d 1235(La. 1994), the Louisiana Supreme Court reviewed a situation where the School Board decided not to renew a principal's contract even though they had no justified cause for the nonrenewal. The Supreme Court held that the School Board could not arbitrarily decide not to renew a contract. The Court set forth the conditions under which school boards may fail to offer new contracts relative to promotional employment contracts. [(See LSA-R.S. 17:444 (B)(4)(c)(iv))]. The Court noted that the statute exhibits its reaffirmance of strong public policy of protecting teacher tenure. The Court held that the legislation prevents school boards from arbitrarily deciding not to renew contracts of good teachers under a promotional contract who have received positive annual evaluations and recommendations.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc